# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ERIC HOLT | * | CIVIL ACTION |
| | * | |
| | * | NO. 08-3543 |
| | * | |
| STATE FARM FIRE & CASUALTY COMPANY | * | SECTION "L"(5) |

## ORDER & REASONS

Before the Court is Defendant State Farm Fire & Casualty Company's Motion for Summary Judgment (Rec. Doc. No. 9). For the following reasons, the motion is DENIED.

## I. BACKGROUND

This case arises out of property damage as a result of a fire. The Plaintiff alleges that on or about January 18, 2007, a fire caused extensive damage to Plaintiff's property located at 7101 Lake Willow Drive in New Orleans, Louisiana. The Plaintiff originally filed suit against State Farm Fire & Casualty Company ("State Farm") in state court alleging that he held a homeowner's insurance contract with State Farm covering his home. Plaintiff alleges that his home, already damaged on the bottom floor by Hurricane Katrina, burned to the ground as a result of the fire. The Plaintiff did not discover the fire until February 2007, as he was out of town on temporary employment. The Plaintiff seeks recovery under his insurance policy as well as penalties for failure to timely adjust his claim, general and special damages, attorney's fees, and costs. State Farm answered and denies liability.

State Farm removed the suit to this Court on May 23, 2008, based on diversity. State Farm is a foreign insurance company domiciled in, and with its principal place of business in Illinois. The Plaintiff alleges himself to be domiciled in Louisiana.

**II.      THE MOTION**

State Farm now moves the Court for summary judgment finding that the Plaintiff's claim under the homeowner's policy is prescribed. State Farm argues that the Plaintiff knew about the fire on or before January 23, 2007, yet he did not file suit until February 12, 2008. Since the claim is subject to a one-year prescriptive period pursuant to the terms of the policy and Louisiana Revised Statute Section 22:691, the Plaintiff's claim is prescribed and should therefore be dismissed. The Defendant further argues that any new and extended prescriptive period cannot be applied retroactively.

In response, the Plaintiff asserts that his claim is subject to a twenty-four month prescriptive period, because pursuant to Act 43 of the Louisiana Legislature of 2007, the legislature extended the prescriptive period for this type of claim, effective January 1, 2008. The Plaintiff also argues that any prescriptive period was interrupted because State Farm essentially admitted liability through its tacit assurance of payment and ongoing negotiations with the Plaintiff.

**III.     LAW AND ANALYSIS**

Summary judgment is appropriate in a case if "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). "The moving party bears the burden of demonstrating that there exists no genuine issues of material fact." *In re Vioxx Products Liability Litigation*, 501 F.Supp.2d 776, 781 (E.D. La. 2007). In determining whether a genuine issue of material fact exists, the Court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir. 2004). But because "only those disputes over facts that might affect the outcome of the lawsuit under governing substantive law will preclude summary judgment," questions that are unnecessary to

the resolution of a particular issue "will not be counted." *Phillips Oil Co. V. OKC Corp.*, 812 F.2d 265, 272 (5th Cir. 1987).

A.     **Interruption of Prescription**

The Plaintiff claims that the Defendant's actions interrupted the prescriptive period because the Defendant essentially admitted liability. For support, the Plaintiff points to a letter from a State Farm representative indicating that the Plaintiff's Personal Property Inventory Forms were not complete. However, mere investigation of a claim or loss does not constitute conduct which may be taken as a waiver of a policy provision. *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1287 (5th Cir. 1990). La. Rev. Stat. § 22:879 states that "None of the following acts by or on behalf of an insurer shall be deemed to constitute a waiver of any provision of a policy or of any defense of the insurer thereunder: ... (3) Investigating any loss or claim under any policy or engaging in negotiations looking toward a possible settlement of any such loss or claim." State Farm's communication with the Plaintiff constituted the mere investigation of the claim; the Defendant simply sought further information in order to appropriately adjust the Plaintiff's claim. The Defendant neither accepted liability nor promised any payment. The communication cited by the Plaintiff did not constitute an admission of liability or prolonged discussion of settlement leaving the Plaintiff no reasonable time within which to file suit. Accordingly, State Farm's communication with the Plaintiff did not interrupt prescription.

B.     **Extension of Prescription**

In diversity cases federal courts apply state statutes of limitations and related state law governing the tolling of the limitation period. *Hensgens v. Deere & Co.*, 869 F.2d 879, 880 (5th Cir. 1989). Prescription statutes require strict construction in favor of upholding the obligation sought to be extinguished. *Pitts v. Louisiana Citizens Property Ins. Corp.*, 2008-1024

(La. App. 4 Cir. 1/7/09), 4 So.3d 107, 109. The burden of proving prescription remains with the mover. *Id*.

In the instant case, two statutes are at issue. La. Rev. Stat. § 22:868 states "No insurance contract delivered or issued for delivery in this state ...shall contain any condition, stipulation, or agreement limiting right of action against the insurer to a period of less than twenty-four months next after the inception of the loss..." (renumbered from La. Rev. Stat. § 22:629, which provided for a twelve month prescriptive period.). La. Rev. Stat. §22:1311 sets forth the standard provisions of policies of fire insurance. This provision states, "Suit--No suit or action on this policy for the recovery of any first- party claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twenty-four months next after the inception of the loss." (renumbered from La. Rev. Stat. §22:691, which required that suit be commenced "within twelve months next after the inception of the loss.").[1]

The extension of the prescriptive period presents the issue of whether prescription is a procedural or substantive matter. The Louisiana Civil Code article 6 provides, "In the absence of contrary legislative expression, substantive laws apply prospectively only." Further, "Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary." *Id*. The Louisiana legislature has also indicated that "[n]o Section of the Revised Statutes is retroactive unless it is expressly so stated." La. Rev. Stat. § 1:2. The Supreme Court of Louisiana has read La. Civ. Code art. 6 and La. Rev. Stat. § 1:2 together to require a twofold inquiry: first the court ascertains whether the legislature expressed

---

[1] The amendments extending the prescriptive period from twelve months to twenty-four months occurred in Acts 2007, No. 43, §1, effective on January 1, 2008.

its intent regarding retrospective or prospective application. *See M.J. Farms Ltd. v. Exxon Mobil Corp.*, 998 So.2d 16 (La. 2008). If the legislature did so, the inquiry is at an end. *Id*. If the legislature did not, the court must classify the enactment as substantive, procedural or interpretive. *Id.* Notwithstanding this analysis, "even where the Legislature has expressed its intent to give a law retroactive effect, that law may not be applied retroactively if it would impair contractual obligations or disturb vested rights." *Id*. at 29-30.

First, the Court finds that the legislature did not expressly indicate its intent that the Acts extending the prescriptive period from twelve months to twenty-four months should apply retroactively. The Acts do not refer to its retroactive application, nor do they indicate that prescribed claims may be revived, nor do they state that it applies to "any case" or "any claim." *See M.J. Farms Ltd. v. Exxon Mobil Corp.*, 998 So.2d 16 (La. 2008) (finding that legislature's indication that the Act shall not apply to certain cases before March 27, 2006 indicated legislature's intent that act apply retroactively to all cases except as to the specified exceptions). In *State of Louisiana v. All Property and Casualty Insurance Carriers Authorized and Licensed to Do Business In the State*, the Louisiana Supreme Court found that the legislature expressed its intent that its provisions be applied both retroactively and prospectively. 2006-2030 (La. 8/25/06), 937 So.2d 313. However, the legislation at issue in *State* provided, "Notwithstanding any other provision of this Title to the contrary, any person or entity having a claim for damages pursuant to [certain insurance] and resulting from Hurricane Katrina shall have through September 1, 2007 within which to file a claim..." In the instant case, the statutes at issue do state that *none* of the specified types of insurance contracts *shall* limit the period to file claims to less than twenty four months, which could indicate legislative intent that the amendments apply retroactively to all claims. However, the Court finds that the legislature did not clearly express

its intent that the statutes apply retroactively.

Second, the Court notes that prescriptive statutes are generally procedural. Several Louisiana cases have held that statutes affecting prescriptive periods are procedural, not substantive, and therefore apply retroactively. *See, e.g., United States v. Nebo Oil Co.*, 90 F. Supp. 73 (D.C. La. 1950) ("the [Louisiana] cases uniformly hold that statutes of prescription, being remedial statutes, are applicable to all actions instituted after they become effective even though the cause of action arose, or facts giving rise to the cause of action occurred, before the statute was enacted.") (citations omitted); *Tate v. Rea*, 1981 (La. 10/12/81), 405 So.2d 1200, 1202 ("It is the general rule that statutes of limitation are to be applied retroactively."); *Marsh Engineering, Inc. v. Parker*, 94-1129 (La. App. 3 Cir. 5/8/96) 688 So.2d 1042, 1046 ("A statute of limitation is remedial in nature and, generally, applies to all actions instituted after its effective date even though the cause of action accrues before the statute was enacted"). The general rule is that prescription statutes apply retroactively, unless they destroy a right that vested before the effective date of the statute.[2]

The Defendant argues that the Supreme Court of Louisiana has recently found legislation extending a prescriptive period to be substantive. *State*, 2006-2030 (La. 8/25/06), 937 So.2d 313, 323. In *State*, the court assessed House Bill 1289 and House Bill 1302, now known as Acts 2006, Nos. 739 and 802, extending the prescriptive period for insurance claims under Hurricanes Katrina and Rita from twelve months under La. Rev. Stat. §22:629 to twenty-four months. *Id.* First, the court looked for legislative intent to retroactively apply the amendment. *Id.* at 322. This intent was clear because the legislature limited the application of the statutes; the claim must have been a result of either Hurricanes Katrina or Rita in order to benefit from this

---

[2] A defendant's right to plead prescription vests when a plaintiff's claim has prescribed.

extension. Second, the court considered whether the statutes were either substantive or procedural and concluded that they were substantive. Because the court indicated the statute at issue was substantive, the Defendant argues the statutes at issue in the instant case are likewise substantive and therefore can be applied prospectively only.

However, the Louisiana Supreme Court in *State* held that Acts 802 and 739 were constitutional in their enactment of a new and longer prescriptive period for insurance claims arising from Hurricanes Katrina and Rita, and that the statutes could apply retroactively. The court indicated that although the statute constituted an extension of prescription, which is generally classified as procedural, the court found the statutes were "substantive *in nature*." *Id* at 323 (emphasis added). In classifying the legislation as substantive in nature the court cited *Chance*, which determined that legislation *reviving* an already prescribed claim was substantive. *Chance v. American Honda Motor Co., Inc.* 93-2582 p. 2 (La. 4/11/94), 635 So.2d 177, 178. The court in *State* likely recognized that the text of the legislation at issue, suspending prescription of all claims arising from Hurricanes Katrina and Rita, presented the possibility of reviving claims that had already prescribed. Thus the court indicated that the statute was substantive in nature, and proceeded to conduct a four-part contract clause analysis to evaluate the constitutionality of the measure. *State*, 937 So.2d at 324.

In the instant case, the statutes do not include language presenting the possibility of revival of prescribed claims and thus shall be classified as procedural. The legislature expressed no intent to disturb vested rights and the only claims whose prescriptive periods are extended are those that have not already prescribed. Therefore, there is no reason to deviate from the established principle that prescriptive statutes, as procedural measures, apply both retroactively and prospectively. The effective date of the 2007 amendments was before the end of the twelve-

month prescriptive period applicable to the Plaintiff's claim. Accordingly, the statutes at issue in the instant case retroactively apply to the Plaintiff's claim and the Defendant's motion for summary judgment finding that the Plaintiff's claim is prescribed must be denied.

## IV.     CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Defendant State Farm Fire & Casualty Company's Motion for Summary Judgment (Rec. Doc. No. 9) is hereby DENIED.

New Orleans, Louisiana this 4th day of June, 2009.

_____
UNITED STATES
DISTRICT JUDGE